UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
WILLIAM PORTER                      :
                                    :
          Plaintiff,                :
                                    :
     v.                             :
                                    :
KATHLEEN G. SEBELIUS,               :    Civil Action No. 11-1546 (GK)
Secretary of the United            :
States Department of Health        :
and Human Services,                 :
                                    :
          Defendant.                :
_____:

MEMORANDUM OPINION

Plaintiff William Porter ("Plaintiff" or "Porter") brings this action against Kathleen Sebelius in her official capacity as Secretary of the Department of Health and Human Services ("Defendant" or "Secretary"). Plaintiff alleges discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and discrimination, retaliation, hostile work environment, and failure to provide a reasonable accommodation in violation of the Federal Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 et seq.[1]

_____

[1] Although Plaintiff does not mention the Rehabilitation Act, proceedings under section 501(b) of the Rehabilitation Act are the exclusive remedy for federal employees alleging disability discrimination by a federal agency. See Taylor v. Small, 350 F.3d 1286, 1291 (D.C. Cir. 2003).

This matter is presently before the Court on Defendant's Motion for Partial Dismissal of Plaintiff's Amended and Consolidated Complaint [Dkt. No. 49]. Upon consideration of the Motion, Opposition, Reply, and Surreply, the entire record herein, and for the reasons stated below, Plaintiff's Complaint is **dismissed without prejudice**, and Defendant's Motion is **denied without prejudice**.

I.   **BACKGROUND**

Porter, an African-American male, has worked as a Program Analyst at the Department of Health and Human Services ("HHS"), Administration and Finance Operations Section ("AFS") of the Office of Financial Program Analysis ("OFPA") in the Office of the Assistant Secretary of Preparedness and Response since 2007. Pl.'s Amended & Consolidated Complaint ("Complaint") p. 3, ¶ 4.

On May 24, 2010, Porter filed a complaint with the EEO Section of the Department of Health and Human Services ("Department"). EEO Complaint Final Agency Decision, June 3, 2011, at 2 n.1 [Dkt. No. 13-1]. The EEO Section permitted him to file six amendments adding additional claims to his complaint between July 1, 2010, and December 22, 2010. Id. On June 3, 2011, the Department issued its Final Agency Decision ("June 2011 FAD") on those claims. Id. at 1.

On August 26, 2011, Porter filed a Complaint in this Court seeking review of the June 2011 FAD. [Dkt. No. 1] On October 28, 2011, Porter's attorney moved to withdraw [Dkt. No. 7], and his Motion was granted by minute order on November 15, 2011.

On April 8, 2011, Porter filed another complaint with the EEO Section of the Department. EEO Complaint Final Agency Decision, Dec. 13, 2011 at 1. The EEO Section accepted additional claims for investigation on May 2, 2011, and June 10, 2011. Id. at 3-4. On December 13, 2011, the Department issued its FAD ("December 2011 FAD") addressing Porter's second amended complaint. Id. at 1.

On March 13, 2012, Porter filed a second Complaint in District Court seeking review of the December 2011 FAD. Case No. 12-392, Dkt. No. 1. On April 10, 2012, Case No. 12-1392 was consolidated by minute order with Case No. 11-1546.

On August 16, 2012, Porter's new attorney moved to withdraw. [Dkt. No. 34] On September 25, 2012, the Court granted the Motion to Withdraw, and directed Porter to file an amended and consolidated complaint. [Dkt. No. 43]

Porter, proceeding pro se, timely filed the amended and consolidated Complaint on October 26, 2012 [Dkt. No. 47]. On November 27, 2012, Defendant filed her Motion to Partially Dismiss the Consolidated Complaint ("Motion"). On November 30,

-3-

2012, Porter filed an "Answer" to the Motion [Dkt. No. 51], and Defendant filed her Reply in support of the Motion on December 10, 2012 [Dkt. No. 52]. Porter filed a Surreply by permission of the court on December 14, 2012 [Dkt. No. 53].

## II.   STANDARD OF REVIEW

### A.   Motions to Dismiss

Under Rule 12(b)(1), Plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction. See Shuler v. United States, 531 F.3d 930, 932 (D.C. Cir. 2008). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all of the factual allegations set forth in the Complaint; however, such allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Wilbur v. C.I.A., 273 F. Supp. 2d 119, 122 (D.D.C. 2003) (citations and quotation marks omitted). The Court may consider matters outside the pleadings. See Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). The Court may also rest its decision on its own resolution of disputed facts. Id.

Under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from

-4-

conceivable to plausible." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563.

### B.   Exhaustion of Administrative Remedies

"Before filing suit, a federal employee who believes that her agency has discriminated against her in violation of Title VII must first seek administrative adjudication of her claim." <u>Payne v. Salazar</u>, 619 F.3d 56, 58 (D.C. Cir. 2010) (citation omitted); <u>see</u> 42 U.S.C. § 2000e-16(c). In addition, after receiving notice of the agency's final action, a plaintiff must file his or her civil action in the appropriate District Court within 90 days. 42 U.S.C. § 2000e-16(c); <u>see also</u> <u>Colbert v. Potter</u>, 471 F.3d 158, 160 (D.C. Cir. 2006).

These exhaustion requirements are not jurisdictional, but rather are "similar to a statute of limitations." <u>Colbert</u>, 471 F.3d at 167. Therefore, they are properly raised in a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Rosier v. Holder</u>, 833 F. Supp. 2d 1, 5 (D.D.C. 2011) (citing <u>Artis v. Bernanke</u>, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011)); <u>see also</u> <u>Gordon v. Nat'l Youth Work Alliance</u>, 675 F.2d 356 (D.C. Cir. 1982) (noting that proper method for raising a defense of limitation is a motion under Rule 12(b)(6)).

Claims under the Rehabilitation Act must be exhausted under the same procedures as Title VII claims. 29 U.S.C. § 794a(a)(1) (applying procedures associated with Title VII to Rehabilitation Act claims). However, unlike Title VII claims, exhaustion of administrative remedies is a jurisdictional requirement for Rehabilitation Act claims. See Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006). Thus, "the proper method for challenging exhaustion under the Rehabilitation Act is a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." See Rosier, 833 F. Supp. 2d at 5 (citation omitted).

## III. ANALYSIS

### A.    The Difference Between Facts and Claims

The Secretary's primary argument is that the majority of the Complaint must be dismissed because Porter failed to exhaust his administrative remedies. The state of the Complaint makes it impossible for the Court to fairly evaluate the Secretary's Motion at this time.

Porter represented to this Court at a Status Conference on September 25, 2012, that he is an attorney. Unfortunately, his filings thus far make it hard to believe that he is a practicing lawyer. His Complaint is 63 pages long with 148 separate paragraphs. His Opposition to Defendant's Motion, which he

inaccurately titled an "Answer to the Motion to Dismiss," is 124 pages long and contains 123 separate paragraphs.

It is apparent that Plaintiff is not familiar with the Federal Rules of Civil Procedure.[2] Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . ." and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The claim for relief must "be stated with brevity, conciseness, and clarity" and, most importantly, give the opposing party "fair notice of the nature and basis or grounds of the pleader's claim." 5 Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1216 (3d ed. 2013).

Porter's Complaint does not meet these standards. It is rambling, repetitive, and vague. Above all, it fails to give notice of the "basis or grounds of the pleader's claim[s]."

Porter fails to recognize the important distinction between facts and claims. In his "Answer," he insists that each paragraph of his Complaint is a "count" that has been

---

[2] Porter also seems unfamiliar with our Local Civil Rules. For example, Local Civil Rule 7(c) limits memoranda in opposition to 45 pages, unless the party receives prior approval from the Court. In this case, Plaintiff failed to even ask for, no less receive, leave to extend the page limit from 45 pages to the 124 pages he submitted.

administratively exhausted. However, many of the paragraphs consist of mere factual allegations that are insufficient to constitute "claims" for which relief can be granted. For example, the statements that David Dolinsky, Porter's supervisor, made to the EEO investigator do not constitute actionable claims. <u>See</u> Complaint ¶¶ 27, 28, 65, 74, 101, 103, 104. While these paragraphs and others may contain facts which arguably support Porter's claims, they are not claims in and of themselves. The Complaint does not sufficiently indicate which factual allegations form the "basis or grounds" for Porter's claims, as required by Rule 8(a).

This failing is particularly significant in the employment discrimination context because the elements of a Title VII claim vary depending on what type of "unlawful employment practice" is alleged. For both discrimination and retaliation claims, the plaintiff must identify a particular action[3] and allege that the action occurred either because of "race, color, religion, sex, national origin, age, or disability" or because he or she brought or threatened to bring a discrimination claim. <u>Baloch v.</u>

---

[3] The action must rise to the level of an "adverse employment action" that affects the "terms, conditions, or privileges of employment" to constitute discrimination, but only needs to be a "materially adverse action" that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" to constitute retaliation. <u>Baird v. Gotbaum</u>, 662 F.3d 1246, 1248 (D.C. Cir. 2011) (citations omitted).

_Kempthorne_, 550 F.3d 1191, 1196, 1198 (D.C. Cir. 2008) (citations omitted); _Nat'l R.R. Passenger Corp. v. Morgan_, 536 U.S. 101, 115 (2002) (determining that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'"). Thus, a plaintiff must identify what specific action rises to the level of an unlawful employment practice for each discrete claim of discrimination or retaliation.

Porter does not coherently identify what unlawful employment practices form the basis for his claims. Most paragraphs begin by stating that someone "subjected the plaintiff to" or "condoned" "retaliation[] and discrimination against the Plaintiff." This assertion is made regarding almost every incident in the Complaint, including incidents that cannot possibly be unlawful employment practices, such as Dolinsky's comments to the EEO investigator. It is impossible to ascertain from the Complaint what incidents Porter intends to argue were discrete unlawful employment practices, and, thus, the "basis or grounds" for his discrimination and/or retaliation claims are impossible to ascertain.

Moreover, it is also impossible to identify the "basis or grounds" for Porter's hostile work environment claim. All actions that contribute to the creation of a hostile work

environment are part of that single unlawful employment practice, thus making such claims "different in kind" from discrimination and retaliation claims. <u>Morgan</u>, 536 U.S. at 115-117. However, the actions must be "similar in nature, frequency, and severity" to be considered "part and parcel" of a coherent hostile work environment claim. <u>Baird</u>, 662 F.3d at 1251 (quoting <u>Wilkie v. Dep't of Health & Human Servs.</u>, 638 F.3d 944, 951 (8th Cir. 2011)). In addition, the plaintiff must identify what protected status caused his or her employer to create the abusive working environment. <u>Lee v. Winter</u>, 439 F. Supp. 2d 82, 86 (D.D.C. 2006) (noting that plaintiff needs to "state a causal connection between his [protected status] and his hostile work environment claim").

The conclusory language that precedes the majority of Porter's allegations states that Porter was "subjected" to "an objectively hostile work environment." However, the facts alleged include a wide spectrum of different behavior by different people that is clearly not "similar in nature, frequency, and severity." Moreover, the Complaint does not identify what protected status allegedly caused Porter's supervisors to create a hostile work environment. Thus, it is impossible to identify the "basis or grounds" of Porter's hostile work environment claim at this time.

**B.    Future Proceedings**

Based on the previous discussion, it is clear that the Complaint has not been drafted in accordance with the Federal Rules. Thus, the Complaint is **dismissed without prejudice**.

In order to identify Plaintiff's claims, the Court will permit him – once – to redraft his long, repetitive, and unclear Complaint. However, that new Complaint must conform to Rule 8 and state allegations on "every material point necessary" with "brevity, conciseness, and clarity." Miller & Kane, <u>supra</u> § 1216. The Complaint shall be no longer than <u>fifty pages</u>, at the most, and should have consistent font and spacing throughout. Plaintiff should also understand that this is an opportunity to clarify and structure his <u>existing</u> claims, not an opportunity to add additional claims that have not been raised in this litigation to date.

Plaintiff's Second Amended and Consolidated Complaint is due May 24, 2013. Any dispositive motion by Defendant is due June 17, 2013. Any opposition to that motion is due August 5, 2013, and any reply is due August 12, 2013.

Because the Plaintiff's Complaint has been dismissed, the Secretary's Motion to Partially Dismiss the Complaint is **denied without prejudice** as moot.

-11-

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **dismissed without prejudice** and Defendant's Motion is **denied without prejudice**. An Order shall accompany this Memorandum Opinion.


May 14, 2013                              /s/_____
                                         Gladys Kessler
                                         United States District Judge


**Copies to:** attorneys on record via ECF

and to

WILLIAM H. PORTER
12710 Thrush Place
Upper Marlboro, Maryland 20772